IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SALVADOR OCAMPO-VERGARA,
REG. NO. 58321-379                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:20cv619-DPJ-FKB

CORDERO CLARK, ET AL.                                                DEFENDANTS


**REPORT AND RECOMMENDATION**

This is a *Bivens*[1] action brought by a federal prisoner who was formerly incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"). Before the Court is the Motion for Summary Judgment [22] based on failure to exhaust administrative remedies filed by Defendants Clark and Dean.[2] Plaintiff has filed a Response [27], and Defendants Clark and Dean have filed a Reply [28]. Having considered the filings, the undersigned recommends that the Motion for Summary Judgment [22] be denied.

I.      PLAINTIFF'S CLAIMS

Plaintiff Ocampo-Vergara alleges that Defendants Cordero Clark, Reginald Dean, and Unknown Hughes failed to respond appropriately in the wake of an attack he suffered from other inmates on August 29, 2018. Plaintiff alleges that it took Defendant Hughes thirty-five minutes to respond to his emergency call for help. [1] at 4. In addition, Plaintiff is aggrieved that Hughes did not initially open his cell when he responded, but instead returned five minutes later.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971). Plaintiff initially filed his Complaint [1] on a form used by prisoners to file a complaint pursuant to 42 U.S.C. § 1983. However, because Plaintiff complained about actions taken by federal actors, prison officials employed by the Bureau of Prisons ("BOP"), the Court construed the action as one brought pursuant to *Bivens*. *See* Order [9].
[2] Defendant Unknown Hughes remains unserved. *See* [18], [20].

*Id.* Thereafter, he was given medical treatment for injuries to his face, head, and body.[3]

Although the sequence of events is unclear, Plaintiff complains that a "c/o" took him to a

separate cell, thereby causing him to "suffer serious injuries," which he fails to specify. *Id.*

Plaintiff asserts that Defendants Clark and Dean refused to write an incident report because they

did not see the assault, yet he was placed in "special housing" for fourteen months, which

delayed his transfer to another facility. *Id.* He is also aggrieved that his alleged attackers were

"released" after one month. *Id.*

Plaintiff asks for health care services for spinal injury trauma, monetary damages, and a

reduction in his sentence. *Id.*; [7] at 1.

## II.    DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless

of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison

Litigation Reform Act of 1995 ("PLRA") states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme

Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust

available administrative remedies before bringing an action with respect to prison conditions,

regardless of the relief offered through administrative remedies. *Id.* at 740-741. The United

States Supreme Court further explained its position when it held that the PLRA's exhaustion

---

[3] Ocampo-Vergara does not set forth any claims for denial of medical treatment.

requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(commenting that federal prisoners suing under *Bivens* must first exhaust administrative remedies); *Jones v. Bock*, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense); *see also Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

Although Congress has statutorily mandated exhaustion of administrative remedies, the statute itself provides an exception. Under § 1997e(a), the exhaustion requirement turns on whether administrative remedies are "available." While inmates are required to exhaust the remedies that are available to them, there is no exhaustion requirement where the remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). An administrative remedy is not "available" where "prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Brantner v. Freestone Cty. Sheriff's Office*, 776 F. App'x 829, 833 (5th Cir. 2019)(quoting *Ross*, 136 S.Ct. at 1859-1860). The resolution of whether the process is "available" may turn on questions of fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Although the Fifth Circuit requires "strict compliance" with a facility's grievance process, it has also held that "[i]f the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson*, 75 F.

3

App'x 295, 296 (5th Cir. 2003)(per curiam, unpublished)(reversing dismissal of prisoner complaint for failure to exhaust); *see also Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015)(citing *Aceves*).

In *Aceves*, the Fifth Circuit reversed the district court's dismissal of a case based on failure to exhaust administrative remedies when the federal prisoner alleged that officials never gave him the forms he requested, and that he could not have obtained the forms from an outside source while he was held in segregation.  *Aceves*, 75 F. App'x at 295.  Furthermore, although not decisive, there may have been a language barrier because the court observed that Aceves was a Spanish-speaker.  *Id.; see also Reyes v. United States Dep't of Justice*, No. 1:10cv82, 2011 WL 830263 (E.D. Tex. Mar. 4, 2011)(noting the language barrier in *Aceves*).  The court concluded that the administrative remedies were not "available" to the prisoner if the prison officials refused to provide necessary forms.  *Aceves*, 75 F. App'x at 295.

At the summary judgment stage, the mere allegation that administrative remedies were not "available" is insufficient to defeat summary judgment on the basis of failure to exhaust administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).  At this juncture, the non-movant must present "sufficiently specific facts," such as the identity of the prison employees, the forms requested, the date requested, and evidence detailing the prison officials' response or denial.  *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

In this case, there is no dispute that a grievance procedure exists at FCC-Yazoo.  In an affidavit made pursuant to 28 U.S.C. § 1746, Ocampo-Vergara admits that he is familiar with the administrative remedies procedure, even though he does not "speak English very well" and has

4

regularly relied on the assistance of other inmates to pursue administrative remedies.  *See* [27-1];
*see also Davis*, 798 F.3d at 293 (finding as competent summary judgment evidence a prisoner's
sworn statement made pursuant to 28 U.S.C. § 1746).  However, Plaintiff argues that between
August 2018 and October 2019, he was housed in the special housing unit ("SHU"), where he
was totally dependent on officers to provide forms, and he was unable to obtain assistance from
others to complete the paperwork.  [27-1].  Furthermore, he asserts that while he was housed in
SHU, many of his requests for administrative remedies forms went unheeded, and officials never
responded to the BP-8 forms he managed to submit on or about September 25, 2018, October 28,
2018, and May 22, 2019.  *See* [27] at 3; [27-1]; *see also* [27-2]; [27-3]; [27-6].

      Thereafter, while he was still housed in the SHU, he attempted to pursue a variety of
administrative remedies directly at the regional and central office appeal levels.  In December
2018, he attempted to file a "sensitive issue" request for administrative remedy directly with the
regional authority.  [27-4] at 1.  He asserts that he never heard a response to that request.  *See*
[27-1] at 1.  His administrative records show, however, that the regional authority rejected a
"sensitive issue" administrative remedy in March 2019 because it did not meet the BOP's
criteria.  [23-1] at 8.  Even though he submitted a regional administrative remedy appeal while
housed in SHU, it was rejected because he did not provide proof of completion of administrative
remedies at the facility level.  [23-1] at 9; [27-8].  He argues that his subsequent attempts to
pursue relief by letter with the central office went unanswered, and, consequently, he filed this
action.  [27-1].

The evidence shows that Ocampo-Vergara has pursued several administrative remedies while he has been incarcerated with the BOP, and he has pursued an unrelated administrative remedy to completion. *See* [23-1] at 9-10. This Court has routinely rejected prisoners' arguments of unavailability of administrative remedies when there was evidence that they had filed other unrelated administrative remedies during their time of incarceration. *See Ramirez v. Bureau of Prisons*, No. 3:16cv626-HTW-LRA, 2017 WL 3135934, *3 (S.D. Miss. May 31, 2017)(rejecting plaintiff's arguments of unavailability of administrative remedies when records reflected that he had filed 133 remedies since entering BOP custody); *Banks v. Pearson*, No. 5:09cv148-DCB-MTP, 2010 WL 2817180 (S.D. Miss Mar. 22, 2010)(rejecting inmate's claim of unavailability of administrative remedies given evidence that he had filed 132 remedies since inception of incarceration); *see also Putnam v. Traylor*, 633 F. App'x 600 (5th Cir. 2016)(dismissal based on failure to exhaust when prisoner obtained grievance forms for other purposes). This line of cases does not, however, undercut Plaintiff's argument that administrative remedies were unavailable to him while he was in the SHU because the unrelated administrative remedy that he completed was filed *after* his October 2019 release from the SHU. *See* [23-1] at 9-10.

Furthermore, his December 2018 and May 2019 attempts to file BP-9s directly with the regional authority do not demonstrate that he had an "available" remedy. *See* [27-4]; [27-7]. Rather, these attempts support his sworn statement that the FCC-Yazoo prison officials were unresponsive to his requests for forms and his three separate initial requests for administrative remedies. [27-1]. And while his letters directed to the central office do not qualify as "proper

6

exhaustion," *see* [27-11], [27-12], they lend credence to his assertion that local BOP officials were non-responsive to his attempts to exhaust administrative remedies.

Thus, assuming Ocampo-Vergara's sworn statement to be true, as the Court must on summary judgment, Plaintiff has created a genuine issue of material fact as to whether administrative remedies were "available" to him. *See Davis*, 798 F.3d at 296. Therefore, the undersigned recommends that summary judgment be denied.

III.    <u>CONCLUSION</u>

Accordingly, for these reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [22] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 30th day of July, 2021.

s/ F. Keith Ball                                    .
UNITED STATES MAGISTRATE JUDGE