IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SALVADOR OCAMPO-VERGARA,
REG. NO. 58321-379                                                                                       PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:20-cv-619-DPJ-FKB

CORDERO CLARK, ET AL.                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by a federal prisoner who was formerly incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"). Before the Court is the Motion for Summary Judgment [41] filed by Defendants Cordero Clark and Reginald Dean.[2] Plaintiff has filed a Response [47], and Defendants Clark and Dean have filed a Reply [48]. Without leave of Court, Plaintiff filed a Sur-rebuttal [49]. Having considered the filings, the undersigned recommends that the Motion for Summary Judgment [41] be granted.

I.      PLAINTIFF'S CLAIMS

In a prior Report and Recommendation [29], the undersigned set forth Plaintiff's claims in detail. In sum, Plaintiff asserts that Defendants Cordero Clark, Reginald Dean, and Unknown Hughes failed to respond appropriately in the wake of an attack he suffered from other inmates on August 29, 2018. Plaintiff alleges Defendant Hughes took thirty-five minutes to respond to the incident, thereby causing him to suffer serious injuries. [1] at 4. Ocampo-Vergara alleges

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff initially filed his Complaint [1] on a form used by prisoners to file a complaint pursuant to 42 U.S.C. § 1983. However, because Plaintiff complained about actions taken by federal actors, prison officials employed by the Bureau of Prisons ("BOP"), the Court construed the action as one brought pursuant to *Bivens*. *See* Order [9].
[2] Defendant Unknown Hughes remains unserved. *See* [18], [20]. Consequently, Plaintiff's claims against Unknown Hughes should be dismissed based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41.

that Defendants Clark and Dean failed to write an incident report about the events. *Id.* He also blames Clark and Dean for his subsequent placement in "special housing" for fourteen months and a delay in his transfer to another facility. *Id.*

Plaintiff asks for health care services for spinal injury trauma, monetary damages, and a reduction in his sentence. *Id.*; [7] at 1.

II.   RELEVANT STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

III.   DISCUSSION

Plaintiff has brought claims of constitutional violations against Defendants pursuant to *Bivens*. 403 U.S. at 388. In *Bivens*, the Supreme Court held that the plaintiff was entitled to

recover damages for any injuries suffered as a result of federal agents' violations of the plaintiff's constitutional rights. *Id.* at 397. Even so, the right of action implied in *Bivens* applies only against federal agents in their individual capacities.

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 225, 231-233 (1991)).

Plaintiff fails to allege claims of constitutional proportions against Defendants Clark and Dean. As a convicted inmate, Ocampo-Vergara does not have a constitutional right related to an alleged "mishandling or denial of prison administrative or disciplinary proceedings." *Triplett v. LeBlanc*, Civ. Action No. 13-243-JWD-RLB, 2015 WL 893057, at *6 (M.D. La. Mar. 2, 2015). "Specifically, the [prisoner-]plaintiff does not have a constitutional right to have such claims properly investigated, handled, or favorably resolved, and there is no procedural due process right inherent in such a claim." *Id.* (citing *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) and *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005)). "As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger*, 404 F.3d at 374.

Plaintiff's claims against Clark and Dean related to his placement in SHU and any resulting delay in transfer to another facility also fail to rise to the level of a constitutional violation. As the undisputed affidavits show, Defendants Clark and Dean, as officers in the Special Investigative Services of FCC-Yazoo, had no responsibility for Plaintiff's housing

3

placement. *See* [41-1] at 2; [41-2] at 2. And it is well-settled that federal inmates do not have a constitutional right to confinement in a certain prison or institution, and they are not constitutionally entitled to a transfer to the facility of their choice. *Olim v. Wakinekona,* 461 U.S. 238, 245-246 (1983); *Armendariz-Mata v. Lappin*, 157 F. App'x 767, 768 (5th Cir. Dec. 14, 2005)(dismissal of federal prisoner's *Bivens* action regarding denial of transfer to facility); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)(convicted prisoner has no right to incarceration in any particular prison).

Because the undersigned finds that Plaintiff's claims fail to state or otherwise establish constitutional claims, Defendants are entitled to dismissal on that basis. *Wells*, 45 F.3d at 93.

IV.     CONCLUSION

Accordingly, for these reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [41] be granted and that Plaintiff's claims against Defendants Clark and Dean be dismissed with prejudice. Plaintiff's claims against Unknown Hughes should be dismissed without prejudice based on his failure to prosecute. Fed. R. Civ. P. 41.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED, this the 9th day of August, 2022.

               s/ F. Keith Ball         .
               UNITED STATES MAGISTRATE JUDGE