IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SALVADOR OCAMPO-VERGARA,
REG. NO. 58321-379                                                                                   PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:20-cv-619-DPJ-FKB

CORDERO CLARK, ET AL.                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Amend, *see* [38-1] at 2-4, in this case brought by Salvador Ocampo-Vergara, a federal prisoner who was formerly incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"). The Court has previously dismissed Plaintiff's claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Report and Recommendation [51], *adopted*, Order [53]. After initially pursuing his claims in a *Bivens* action, Plaintiff now argues that he also originally intended to allege claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. Ocampo-Vergara seeks to amend his complaint to incorporate these proposed claims. The Defendants oppose the motion, *see* [52], and Plaintiff has filed a Reply [55]. For the reasons discussed below, the undersigned recommends that the Motion to Amend be denied and that this action be dismissed.

I.     DISCUSSION

In a prior Report and Recommendation [29], the undersigned set forth Plaintiff's claims in detail. In sum, Plaintiff asserts that Cordero Clark, Reginald Dean, and Unknown Hughes failed to respond appropriately in the wake of an attack he suffered from other inmates on August 29, 2018. Plaintiff alleges that Hughes took thirty-five minutes to respond to the incident, thereby causing him to suffer serious injuries. [1] at 4. Ocampo-Vergara alleges that

Clark and Dean failed to write an incident report about the events. *Id.* He also blames Clark and Dean for his subsequent placement in "special housing" for fourteen months and a delay in his transfer to another facility. *Id.* Any *Bivens* claims based upon these events have been dismissed by the Court. *See* [53].

However, Plaintiff argues that he should be allowed to amend his complaint to add claims against the United States based upon the FTCA.[1] Ocampo-Vergara asserts that he has now exhausted his FTCA administrative remedies, and, moreover, liberally construing his complaint, he contends that he has asserted FTCA claims throughout this litigation. He faults the Court for sending him a 42 U.S.C. § 1983 complaint form for this lawsuit, which he used to his detriment, and he asserts that the Court "edited" his claims to reflect a *Bivens* action. [55] at 3. He argues that, prior to filing this action, he attempted to pursue an FTCA claim, as demonstrated by his May 23, 2019 Regional Administrative Remedy Appeal labeled with the hand-written title of "Tort Claim." *See* [27-7] (attached to his Response to a prior summary judgment motion [22]). This Regional Administrative Remedy Appeal was rejected by the Southeast Regional Office on June 19, 2019 with the directive that Ocampo-Vergara "must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level." *See* [27-8]. After filing this action, he argues that he submitted his FTCA claim number 7016-1970-0000-6050-6747 to the Bureau of Prisons Southeast Regional Office on April 30, 2021, for the alleged August 29, 2018 incident. *See* [38-1] at 9. The claim was received by that office on May 18,

---

[1] Although Plaintiff's Motion for Leave to Amend [38-1] is dated May 24, 2021, it was filed as an attachment to a Motion for Docket Recognition [38], which Ocampo-Vergara signed on September 24, 2021, and which was filed on October 1, 2021. *See* [38] at 1.

2

2021, and the claim was eventually received by the FCC-Yazoo Consolidated Legal Center ("CLC") on February 8, 2022. [52-1] at 1, 3. On April 14, 2022, the FCC-Yazoo CLC rejected the claim as untimely, stating that it was time-barred and should have been received no later than August 29, 2020. *Id.* at 5.

Having reviewed the filings, the undersigned finds that Plaintiff's Motion to Amend should be denied. Although "[t]he court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a), "[l]eave to amend is in no way automatic." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The court "may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of amendment.'" *Id.* at 378 (quoting *Jones v. Robinson Prop.Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). To be sure, a "substantial reason" – that of futility of amendment – counsels against allowing amendment in this case. *Id.*; *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)(finding that denying a motion to amend is not an abuse of discretion if allowing it would be futile). Plaintiff should not be allowed to amend because his FTCA claim is barred due to his failure to exhaust his FTCA claims before filing this action.

Exhaustion of the administrative remedy found in 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993)(FTCA prisoner case). Such jurisdiction must exist at the time of filing. *See Gregory v. Mitchell*, 634 F.2d 199, 203-204 (5th Cir. 1982)(citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975)). Because the

3

FTCA is a waiver of sovereign immunity, the statute must be strictly construed, and therefore, claims must strictly comply with its terms. *Hinojosa v. United States Bureau of Prisons*, 506 F. App'x 280, 282-283 (5th Cir. 2013). "As a result, even if the administrative claim has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim." *Id.* at 282.

In this case, it is readily apparent that Plaintiff failed to exhaust his FTCA claims before filing this action. His May 23, 2019 attempt at filing an FTCA claim by labeling a BP-9 form as a "tort claim" was rejected on June 19, 2019 by the Regional Administrative Remedy Office, over one year before he signed his complaint in this action. *See* [1] at 4; [27-7]; [27-8]. And he did not submit FTCA claim number 7016-1970-0000-6050-6747 to the Bureau of Prisons Southeast Regional Office until April 30, 2021, nearly eight months after he signed his initial complaint in this action. *See* [1] at 4; [52-1] at 3. Moreover, FCC-Yazoo CLC rejected his proposed claims as time-barred because he did not present his FTCA claim until nearly three years after the August 2018 alleged incident forming the basis of the claim. [52-1] at 5. Under 28 U.S.C. § 2401(b), "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Thus, because Ocampo-Vergara fails to meet the jurisdictional prerequisites to proceed in an FTCA claim, his Motion to Amend should be denied as futile.

II.     CONCLUSION

Accordingly, for these reasons, the undersigned recommends that Plaintiff's Motion to Amend [38-1] be denied. Likewise, Plaintiff's Motion for Ruling [57] should be denied as moot. The undersigned further recommends that this action be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 12th day of July, 2023.

s/ F. Keith Ball                .<br>UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).