UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SALVADOR OCAMPO-VERGARA, # 58321-379                          PLAINTIFF

V.                                          CIVIL ACTION NO. 3:20-CV-619-DPJ-FKB

CORDERO CLARK, ET AL.                                          DEFENDANTS

ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge F. Keith Ball.  R&R [58].  Judge Ball recommends denying Plaintiff Salvador Ocampo-Vergara's Motion for Leave of Court to Amend Complaint [38-1] and dismissing this action.  Ocampo-Vergara filed his objections ("Motion in Opposition") [59] to the R&R, to which Defendants responded [60].  As explained below, the Court adopts the R&R in its entirety.

I.        Facts and Procedural History

Ocampo-Vergara filed suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against various officials at the Yazoo City federal prison he once inhabited, alleging damages from a supposedly inadequate response to an attack by fellow inmates.  The Court dismissed these claims [53], but before that ruling, Ocampo-Vergara sought leave to amend his complaint and assert claims against the United States under the Federal Tort Claims Act [38-1].  Defendants opposed his motion [52], and Plaintiff filed his reply [55].  The R&R finds that any such claims would be barred for lack of prior exhaustion of administrative remedies and therefore futile.  Ocampo-Vergara objects, blaming prison officials for his apparent failure to exhaust his remedies.

II.      Standard

Title 28 U.S.C. § 636(b)(1) governs the disposition of R&Rs.  It requires the Court to

"make a de novo determination of those portions of the [R&R] or specified proposed findings or

recommendations to which objection is made."  *Accord* Fed. R. Civ. P. 72(b)(3) ("The district

judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to.").  The Court's review must be limited to "those issues to which an

objection is raised," *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991), and the Court need

not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995

F.2d 37, 40 (5th Cir. 1993).

Leave to amend one's complaint is to be freely granted "when justice so requires."  Fed.

R. Civ. P. 15(a)(2).  But leave need not be granted when amendment would be futile, that is, "if

the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704,

707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir.

2009)).  When denial of leave to amend rests on futility alone, the standard is materially identical

to that governing dismissal under Rule 12(b)(6).  *Id.*

III.     Discussion

Judge Ball concluded that Ocampo-Vergara failed to exhaust his administrative remedies

under the FTCA, but Ocampo-Vergara asserts in his objections that he did when he submitted an

application for administrative remedy and marked it as a tort claim—supposedly on the advice of

prison officials.  Obj. [59] at 2.  Defendants contend that his objections to the R&R are untimely

and premised on "unsupported assertions."  Defs.' Resp. [60] at 1.

To begin, Defendants have not yet shown the objections were late.  Rule 72(a) and 28

U.S.C. § 636(b)(1) both allow fourteen days to object.  Judge Ball entered his R&R on July 12,

2

making the objections due July 26; the Court docketed the objections on July 31.  But "[u]nder the 'prison mailbox rule,' 'a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (quoting *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993)).  Ocampo-Vergara dated his signature on the objections "7/24/2023," adding, "Please serve all attorneys of record electronically.  Obj. [59] at 4.  Also, someone stamped his envelope as "received" on July 25. *Id.*  Defendants offer no contrary evidence supporting their timeliness argument, and if prison officials received the objections before July 26, then they were timely.

Assuming Ocampo-Vergara filed timely objections, his arguments still fall short.  "The FTCA conditions a court's jurisdiction on the plaintiff's compliance with 28 U.S.C. § 2675(a), which mandates that such a suit not be instituted until a plaintiff files an administrative claim with the appropriate federal agency and the claim is finally denied by that agency." *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388 (5th Cir. 2014) (citing *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995)).

Ocampo-Vergara says his May 23, 2019 "Regional Administrative Remedy Appeal" was his administrative tort claim because he wrote "Tort claim" across the top of that document. [27-7] at 1.  But as Judge Ball noted in his R&R, that filing was rejected "over one year before [Ocampo-Vergara] signed his complaint in this action."  R&R [58] at 4.  Thus, if the appeal exhausted his tort claim as he suggests, then Ocampo-Vergara failed to file this suit within six months as § 2401(b) requires.  And if the appeal did not exhaust his claim, then no jurisdiction existed when Ocampo-Vergara sued.  *See* R&R [58] at 4 (citing *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (holding that "even if the administrative claim

has become exhausted since the time of filing the complaint, the district court should nonetheless dismiss the claim")).  This Court agrees with the R&R.[1]

IV.    Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  As stated, the Report and Recommendation [58] is adopted as the Court's opinion.  The Motion for Leave to Amend [38-1] is denied; the Motion for Ruling [57] is denied as moot.  This matter is dismissed with prejudice, as Plaintiff has already had one opportunity to seek to amend his complaint and has suggested no viable amendments.  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This holding makes it unnecessary to ask whether the May 23 filing met § 2675(a)'s substantive requirements, though the Court questions whether it does.  "No particular method of giving notice is required," but the notice is proper "only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim."  *Cook v. United States ex rel. U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992).  It is not apparent that the May 23 filing satisfied either requirement, though that was not the basis of Judge Ball's recommendation.